1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11  UNITED STATES,                    )        3:14-cr-00018-HDM-VPC
                                       )
12                 Plaintiff,          )
                                       )        ORDER
13  vs.                                )
                                       )
14  JAMES E. BRYANT,                   )
                                       )
15                 Defendant.          )
    _____)

16

17       Before the court is defendant's motion of recusal of the

18  presiding judge from this case and appeal, filed April 8, 2015.

19       Defendant seeks recusal on three grounds: 1) that the

20  presiding judge "refused the plea offer and up [sic] the term on a

21  simple misdemeanor . . . ." Mot. at 1; 2) that the presiding judge

22  was prejudiced against defendant because defendant "fired his

23  workout partner Ramon Acosta" and the judge "personally called"

24  attorney Richard Molezzo to take the case and make sure it was

25  resolved quickly, Mot. at 1-2; and 3) the presiding judge took

26  defendant's habeas corpus case from the assigned judge.

27  **Propriety of Deciding Motion**

28       28 USC § 455 does not require the presiding judge to have

                                    1

another judge decide a recusal question. "The weight of authority indicates that it is perfectly proper, indeed the norm, for the challenged judge to rule on a recusal motion pursuant to section 455." *See, e.g.*, *Schurz Communications, Inc. v. FCC* 982 F.2d 1057, 1059 (7th Cir. 1992); *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985).

**The Plea Offer**

Defendant asserts the presiding judge stated defendant's case was "troubling to him" and "refused the plea offer and up [sic] the term on a simple misdemeanor . . . ." Mot. at 1. Defendant contends the judge's actions constitute "extreme bias and prejudice towards defendant." Mot. at 3.

The defendant's contention is without merit. Pursuant to the terms of the plea agreement, the United States recommended a sentence on the low-end of the Sentencing Guidelines range determined by the court. On the date of entry of the guilty plea, the court canvassed the defendant and asked him whether he understood the court was not bound to impose a sentence on the low-end of the Sentencing Guidelines. Defendant indicated that he understood the terms of the agreement and wished to plead guilty.

The sentence imposed (21 months) was in the middle of the guideline range of 18-24 months. In the plea agreement, defendant knowingly and expressly waived his right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the court. Plea Agreement at 10:20-22. The sentence imposed was within the guideline range and does not reflect any bias or prejudice toward the defendant.

**Attorneys Acosta and Molezzo**

Defendant contends he has been prejudiced because he "fired" the judge's "workout partner Ramon Acosta" and "Molezzo" is the judge's "henchmen." Mot. at 1-2. Furthermore, defendant asserts the judge personally "called [Molezzo] and assigned him to the case . . . ." Mot. at 2. These allegations are totally without merit. Mr. Molezzo was assigned to the defendant's case by the CJA Administrator, in accordance with the standard court procedure.

**Assignment of Defendant's Habeas Corpus Case**

Defendant asserts the judge re-assigned defendant's habeas corpus case in order to deprive him of his rights and ensure "his ruling is not overturned . . . ." Mot. at 3. Defendant references a letter from the Court Clerk which states, "Your case has been submitted for review and action by a judicial officer. Due to this court's extremely heavy case load this review process may take several weeks." *See* 3:15-cv-00145-MMD-WGC #2.

Defendant incorrectly filed his § 2255 habeas petition on paperwork for a § 2254 habeas petition. A § 2254 habeas petition is intended for a person in State custody who has exhausted the remedies available in the courts of the State. *See* 28 USC § 2254. Defendant's petition should have been filed as a § 2255 petition as a prisoner in custody under sentence of a court established by an Act of Congress for the sentence imposed by this court.

As a result of defendant's improper filing, the clerk of court assigned a new case number to the filing. Once the clerk's office recognized the error, the clerk of court requested that the Chief Judge, in accordance with the rules of the court, order the reassignment.

**Conclusion**

Accordingly, and based on the foregoing, defendant's motion of recusal of the presiding judge (#48) is hereby **DENIED**.

IT IS SO ORDERED.

DATED: This 30th day of April, 2015.

_Howard D McKibben_
_____
UNITED STATES DISTRICT JUDGE