**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES,       )<br>              )<br>     Plaintiff,  )<br>              )<br>vs.           )<br>              )<br>JAMES E. BRYANT,     )<br>              )<br>     Defendant.  )<br>_____) | 3:14-cr-00018-HDM-VPC<br><br>ORDER |

   Before the court is defendant James E. Bryant's motion for sentence correction, filed March 27, 2015 (#47). The United States filed a response (#49) and defendant replied (#53).

**Background**

   Defendant is serving a 21-month sentence for failure to register as a sex offender under 18 U.S.C. § 2250(a). He was sentenced on February 25, 2015, and the Judgment was entered on February 26, 2015.

   In his motion, defendant asserts the current calculation of the time he has spent in custody is incorrect. Defendant requests

the court "correct the calculation and sentence by order and notify the proper authorities of the change as law requires." Mot. at 3.

The United States contends defendant provides no evidence to support his assertion, and that because defendant has failed to exhaust his administrative remedies, the court should not address his motion.

**Analysis**

Defendant entitled his motion as a "motion for sentence correction," but it should properly be construed as a petition under 28 U.S.C. § 2241. "To the extent [petitioner] challenges the fact or duration of his confinement, the district court should have construed [petitioner's] complaint as a petition for habeas corpus under 28 U.S.C. § 2241." *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991).

A defendant may not file a 28 U.S.C. § 2241 petition until he exhausts his administrative remedies. *See Tucker*, 925 F.2d at 332 ("Generally, a federal prisoner is required to exhaust his federal administrative remedies before filing a habeas petition."); *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam) (a federal prisoner is required to exhaust federal administrative remedies before bringing a habeas petition in federal court).

Defendant is in the custody of the bureau of prisons and provides no evidence he has attempted to exhaust his federal administrative remedies.

///

///

2

**Conclusion**

Accordingly, and based on the foregoing, defendant's motion for sentence correction (#47) is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: This 28th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE