# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES, | 3:14-cr-00018-HDM-VPC |
| Plaintiff, | |
| vs. | ORDER |
| JAMES E. BRYANT, | |
| Defendant. | |

Before the court is defendant James E. Bryant's motion to vacate under 28 U.S.C. § 2255, filed March 11, 2015 (#43). The United States filed a response (#54) and defendant replied (#57).

**Background**

In the late 1970s and early 1980s, defendant was convicted in California state court of Sodomy with a Person Under 18 Years of Age, Sodomy with a person Under 14 Years of Age, and False Imprisonment. On March 12, 2014, the grand jury for the District of Nevada returned a one-count indictment charging defendant with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a). #1; *see also* Presentence Investigation Report (PSR) at ¶¶ 42, 45 (prior convictions). After arraignment (#7), defendant

1

pled guilty to the offense pursuant to a plea agreement with the government. ##22, 23.

Under the terms of the agreement, defendant waived his constitutionally-guaranteed trial rights (#23 at 2, § B); agreed to not withdraw his guilty plea (*id.* at 2, § C); affirmed his prior convictions and agreed that he failed to register as a sex offender in Nevada on or about April 18, 2013 (*id.* at 3-4, §§ D(1)-(5)); acknowledged that this "Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute" (*id.* at 5, § A); agreed that the government would "recommend the low-end of the Sentencing Guidelines," but expressly "acknowledge[d] that the Court does not have to follow those recommendations" (*id.* at 8, § VIII); and waived his rights to appeal or collaterally attack his conviction or sentence, reserving only the right to appeal "any portion of the sentence that is an upward departure from the Sentencing Guidelines range determined by the Court," and the right to raise in a collateral challenge only "non-waivable claims of ineffective assistance." *Id.* at 10-11, § B. Defendant acknowledged that the agreement had "resulted from an arms-length negotiation" in which both parties made "valuable concessions," and agreed that there were to be "no additional promises, agreements or conditions . . . unless set forth in writing and signed by all parties or confirmed on the record . . . ." *Id.* at 11, 13. Based on defendant's admissions and acquiescence to the terms of the agreement, the court accepted his guilty plea on August 28, 2014, and ordered the PSR. (#22).

**The Motion**

Defendant raises four claims to support his petition for habeas relief: 1) his instant arrest was illegal because the officers who arrested him did not have a warrant; 2) he was not actually required to register as a sex offender under California law; 3) the court refused to accept the plea agreement of the parties; and 4) his credit for time served has been inappropriately calculated.

**Analysis**

Defendant raises claims that were foreclosed by the plain language of the plea agreement as well as the court's canvass of defendant during his change of plea hearing.

The first two claims of defendant's motion are legal arguments of the kind properly raised on direct appeal, rather than in a collateral challenge, such as a § 2255 motion.[1] *See Massaro v. United States*, 538 U.S. 500 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.")

Under the terms of the plea agreement, defendant knowingly and expressly waived his right to appeal, as well as any claims under 28 U.S.C. § 2255, except non-waivable claims of ineffective assistance of counsel. *See* #23 at 10:20-11:2. The court specifically asked defendant whether he understood he was waiving his right to appeal or to raise collateral challenges during the

---

[1] It bears noting that defendant admitted he was required to register as a sex offender because of his conviction of a sexual crime in California. *See* #51 at 22:4-15. This admission contradicts his second claim in the instant motion where he asserts he was not actually required to register under California law.

3

change of plea hearing. *See* #51 at 15:25-16:10.

Defendant was aware of the importance of his waiver as shown through his signature on the plea agreement and his responses to the court's canvass at his change of plea hearing. Thus, the court concludes defendant is not entitled to relief based on the first two claims in his motion.

In his third claim, defendant asserts the court imposed a sentence greater than that agreed upon by the parties. While the parties agreed to recommend that the court sentence the defendant to a period of incarceration at the low-end of the sentencing guidelines, the defendant was repeatedly and expressly notified that the court was not bound by the agreement of the parties, except that defendant would have the right to appeal if the court were to depart above the guideline range. *See* #23 at 8:6-7; #51 at 18:3-19:19 and 21:16-20. The sentencing guideline range in this case was 18-24 months. *See* #52 at 8:17. The court sentenced defendant to 21 months. #42. The sentence imposed by the court was therefore within the calculated guideline range. Moreover, defendant's sentence is within the range anticipated by the parties and defendant expressly waived his right to appeal such a sentence in the plea agreement and at his change of plea hearing. *See* #23 at 8:6-7; #51 at 21:16-20.

Defendant's fourth claim concerns his credit for time served. This claim is redundant of defendant's motion #47, which was separately adjudicated in the court's order #58.

///

4

**Conclusion**

Accordingly, and based on the foregoing, defendant's motion to vacate under 28 U.S.C. § 2255 (#43) is **DENIED**.

IT IS SO ORDERED.

DATED: This 9th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE